IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-KAS

EDWARD HOID,

    Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Kathryn Starnella [Docket No. 47]. The magistrate judge recommends that the Court grant defendant's motion to dismiss. Docket No. 47 at 2. Plaintiff filed an objection to the recommendation on January 31, 2024. Docket No. 48.

**I. BACKGROUND**

Plaintiff Edward Hoid is currently a prisoner being held by the Colorado Department of Corrections. *Id.* at 5. Mr. Jones filed this lawsuit on March 3, 2023, Docket No. 1, due to actions by various employees of the Boulder County Sheriff's Office ("BCSO") while Mr. Hoid was being held at the Boulder County Jail as a pretrial detainee. Docket No. 47 at 2. Mr. Hoid filed an amended complaint ("the complaint") on May 4, 2023. Docket No. 17. In his complaint, Mr. Hoid alleges various acts of misconduct by BCSO employees related to the handling of Mr. Hoid's diabetes while he was detained. *Id.* at 4–20. Construing Mr. Hoid's complaint liberally, Judge Starnella identifies six claims made by Mr. Hoid: (1) Claim One (ADA Discrimination and

Deliberate Indifference): violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (2) Claim Two (Serious Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (3) Claim Three (Assault and Discrimination): state law claim of assault and violation of Mr. Hoid's equal protection rights under the Fourteenth Amendment; (4) Claim Four (Severe Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (5) Claim Five (Severe Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and (6) Claim Six (Eighth Amendment; Cruel and Unusual Punishment): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment.  Docket No. 47 at 6.

On August 30, 2023, BCSO filed a motion to dismiss Mr. Hoid's complaint on the grounds that the Court lacks subject matter jurisdiction over Mr. Hoid's claims and that Mr. Hoid fails to state a claim upon which relief can be granted.  Docket No. 32 at 5–19.

Judge Starnella's recommendation finds that: (1) the Court has subject matter jurisdiction because Mr. Hoid's failure to exhaust administrative remedies is not clear from the face of his complaint; (2) the BCSO cannot be sued in an individual capacity; (3) Mr. Hoid has not shown that BCSO is subject to liability under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), because Mr. Hoid failed to identify a specific policy that was a moving force behind Mr. Hoid's asserted constitutional injuries or that such policy was made with deliberate indifference; and (4) Mr. Hoid has not adequately pled an ADA violation because he did not show that the alleged misconduct of BCSO employees was

2

by reason of his disability.  Docket No. 47 at 7–17.  Judge Starnella therefore recommends that the Court dismiss each of Mr. Hoid's federal claims without prejudice.  *Id.*  Judge Starnella also recommends that the Court dismiss Mr. Hoid's state law assault claim because Mr. Hoid has not shown a compelling reason for the Court to exercise supplemental jurisdiction over his state law claim if it dismisses Mr. Hoid's other claims.  *Id.* at 17–18.

Mr. Hoid filed his Motion to Object the Recommendation and to Amend Complaint on January 31, 2024, in which he objects to Judge Starnella's recommendation and seeks leave to amend his complaint.  Docket No. 48.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Such dismissal is not a judgment on the merits; rather, it is a determination that the court lacks authority to adjudicate the claim, attacking the existence of jurisdiction.  *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted).  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms – a facial attack or a factual attack – each with distinct analytical frameworks.  *United States v. Rodriguez-*

*Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  A facial challenge focuses on the sufficiency of the allegations in the complaint.  *Id.*  In resolving a facial challenge, "the district court must accept the allegations in the complaint as true."  *Id.*  By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."  *Id.* (citation omitted).  In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* (citation and quotations omitted); *see also Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion").  The burden of establishing subject matter jurisdiction lies with the party asserting it.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

### B.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the

4

defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with her allegations.  *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, a court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's *pro se* status, the Court construes his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

Mr. Hoid's motion consists of two separate parts: (1) an objection to Judge Starnella's recommendation and (2) a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).  *See* Docket No. 48 at 3 ("In light of the foregoing, please do not dismiss [the complaint;] I respectfully request to be allowed to amend the complaint instead.").  The Court will refer that part of Mr. Hoid's motion that seeks leave to file an amended complaint.  This order will address Mr. Hoid's objections to Judge Starnella's recommendation.

In his objection, Mr. Hoid does not identify any specific findings of fact or applications of the law that were incorrect in Judge Starnella's recommendation.  *See id.* at 1–3.  Instead, Mr. Hoid argues that he "did substantively prove a basis for this action." *Id.* at 2.  Mr. Hoid asserts that his "condition was used by the Defendant as a means to inflict injuries," and that he "substantially demonstrated such." *Id.* at 1.  Mr. Hoid supports his objection with three additional contentions.  Mr. Hoid states that, in April 2023, jail staff repeatedly denied him medical services, altered his medicine dosage, obstructed his ability to contact jail medical staff, and altered his medical records. *Id.* at 2.  Mr. Hoid alleges that similar actions took place in March 2023, which caused him to faint and be injured. *Id.* at 2–3.  Mr. Hoid states that he "supplied proof" for his March allegation. *Id.*  Finally, Mr. Hoid contends that jail staff altered his medical

records to no longer reflect an acknowledgment of their misconduct and that this "proves it was their goal to inflict injuries." *Id.* at 3.

Mr. Hoid's objection reasserts the allegations in his complaint. The Court agrees with Judge Starnella's determination that none of the allegations in Mr. Hoid's complaint sufficiently demonstrate that the actions of BCSO employees were undertaken pursuant to a policy of deliberate indifference. As such, any proof provided by Mr. Hoid of the actions of individual BCSO employees is irrelevant to Judge Starnella's determination that BCSO was not subject to municipal liability under *Monell*. *See Monell*, 436 U.S. at 690–91. Furthermore, neither Mr. Hoid's complaint nor his objection presents support for the contention that Mr. Hoid's alleged mistreatment, while detained, was due to him having type 1 diabetes. Because Mr. Hoid appears to object only to the correctness of Judge Starnella's recommendation, without identifying any factual or legal errors, the Court will overrule Mr. Hoid's objection. *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Kathryn Starnella [Docket No. 47] is **ACCEPTED**. It is further

**ORDERED** that those portions of plaintiff's Motion to Object the Recommendation and to Amend Complaint [Docket No. 48] that object to the recommendation are **OVERRULED**. It is further

**ORDERED** that plaintiff's first, second, third, fourth, fifth, and sixth claims are **DISMISSED without prejudice**.  It is further

**ORDERED** that those portions of plaintiff's Motion to Object the Recommendation and to Amend Complaint [Docket No. 48] that seek leave to file an amended complaint are referred to Judge Starnella.

DATED February 6, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge