IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-KAS

EDWARD HOID,

    Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

    Defendant.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 66]. The magistrate judge recommends that the Court deny plaintiff's Motion to Amend the Complaint, Docket No. 56. Docket No. 66 at 12. Plaintiff filed an objection to the recommendation on August 19, 2024. Docket No. 67.

**I. BACKGROUND**

Plaintiff Edward Hoid is currently a prisoner being held by the Colorado Department of Corrections. Docket No. 49 at 1. Mr. Hoid filed this lawsuit on March 8, 2023, Docket No. 1, due to actions by various employees of the Boulder County Sheriff's Office ("BCSO") while Mr. Hoid was being held at the Boulder County Jail as a pretrial detainee. Docket No. 47 at 2. Mr. Hoid filed a second amended complaint on May 4, 2023. Docket No. 17. In his second amended complaint, Mr. Hoid alleged various acts of misconduct by BCSO employees related to the handling of Mr. Hoid's diabetes while he was detained. *Id.* at 4–20. Construing Mr. Hoid's complaint liberally,

Judge Starnella identified six claims made by Mr. Hoid: (1) Claim One (ADA Discrimination and Deliberate Indifference): violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (2) Claim Two (Serious Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (3) Claim Three (Assault and Discrimination): state law claim of assault and violation of Mr. Hoid's equal protection rights under the Fourteenth Amendment; (4) Claim Four (Severe Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; (5) Claim Five (Severe Bodily Injury): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and (6) Claim Six (Eighth Amendment; Cruel and Unusual Punishment): deliberate indifference to serious medical needs in violation of the Fourteenth Amendment.  Docket No. 47 at 6.

On August 30, 2023, BCSO filed a motion to dismiss Mr. Hoid's claims.  Docket No. 32.  On January 19, 2024, Judge Starnella issued a recommendation that the motion be granted, finding that Mr. Hoid had failed to state a claim for relief.  Docket No. 47.  On February 6, 2024, the Court adopted Judge Starnella's recommendation and dismissed Mr. Hoid's claims without prejudice.  Docket No. 49 at 7–8.

On February 26, 2024, Mr. Hoid filed a motion seeking leave to file a third amended complaint.  Docket No. 56.  Mr. Hoid attached to his motion a proposed third amended complaint.  Docket No. 56-1.  On August 7, 2024, Judge Starnella issued a recommendation that the motion be denied because Mr. Hoid's proposed third amended complaint has the same deficiencies as his second amended complaint and that the

amendment would be futile.[1]  Docket No. 66 at 5–12.  Specifically, the recommendation finds that Mr. Hoid's proposed third amended complaint does not allege facts sufficient to demonstrate municipal liability against BCSO.  *Id.* at 5–10.  Judge Starnella determined that the allegations in Mr. Hoid's proposed third amended complaint regarding the 30-minute check-in policy by deputies fail to plausibly allege that a BCSO policy caused Mr. Hoid's injuries.  *Id.* at 7.  Moreover, she concluded that these allegations do not establish that the policy was one of deliberate indifference.  *Id.* at 8–9.  She next found that Mr. Hoid's proposed third amended complaint does not adequately allege that BCSO has a custom of denying or delaying insulin to diabetic inmates or that BSCO failed to provide Mr. Hoid with adequate diagnostic treatment for his type 1 diabetes.  *Id.* at 9–10.

Turning to Mr. Hoid's ADA claims, Judge Starnella determined that Mr. Hoid's proposed third amended complaint does not adequately plead an ADA violation.  *Id.* at 10–12.  She found that Mr. Hoid's ADA claims based on his assertion that BCSO should have had emergency call boxes in each cell do not establish an ADA violation because the proposed third amended complaint does not allege facts that show that he requested a call box in his cell or that the need for such an accommodation was obvious.  *Id.* at 11.  Moreover, she concluded that the allegations regarding Mr. Hoid's treatment by BSCO employees, which was in reaction to Mr. Hoid "acting funny" due to his insulin imbalance, did not establish an ADA violation.  *Id.* at 11–12.  Judge Starnella relied on the Tenth Circuit's determination that a person's conduct may be regulated so

---

[1] The recommendation construes Mr. Hoid's proposed third amended complaint as no longer pursuing his state law claim for assault.  *See* Docket No. 66 at 4.

long as the regulation is not by reason of the person's disability.  *Id.* (citing *J.V. v. Albuquerque Public Schools*, 813 F.3d 1289, 1296 (10th Cir. 2016)).  Finally, she found that Mr. Hoid's allegations regarding his delayed insulin injection do not support an ADA claim because the ADA does not provide a remedy for medical negligence.  *Id.* at 12 (quoting *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012)).  Accordingly, Judge Starnella concluded that granting Mr. Hoid's motion to amend his complaint would be futile and that his motion should be denied.  Docket No. 66 at 4–5, 10, 12.

Mr. Hoid filed an objection on August 19, 2024.  Docket No. 67.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  "[T]his mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id.*  Rule 15 "provide[s] the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  Whether to grant or deny leave to amend a complaint is committed to the discretion of the court.  *Foman*, 371 U.S. at 182.  Denying leave to amend is generally justified only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017). In making a futility assessment, the Court must accept as true the allegations in the proposed amended complaint and construe the allegations in the light most favorable to the plaintiff. *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo. Oct. 18, 2017). Ambiguities must be resolved in favor of the plaintiff, and the plaintiff must be given "the benefit of every reasonable inference drawn from the well-pleaded facts and allegations." *Id.* (internal quotations and citation omitted).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

In his objection, Mr. Hoid does not identify any specific findings or applications of law that were incorrect in Judge Starnella's recommendation. *See* Docket No. 67 at 1–3. Instead, Mr. Hoid argues that "[t]he claims are clearly stated" and that BCSO's "8th and 14th Amendment violations involve severe, painful, and undeniable injuries." *Id.* at

5

1, 3.  First, Mr. Hoid asserts that he has filed medical documentation that shows that he was diagnosed with "traumatic injuries, traumatic brain injuries, and severe physiological injuries."  *Id.* at 1.  He claims that these records demonstrate that his treating physicians attribute these injuries to the handling of his diabetes by BCSO employees during his detention.  *Id.* at 1–2.  In her recommendation, Judge Starnella presumed the allegations in Mr. Hoid's proposed third amended complaint regarding his injuries to be true.  See Docket No. 66 at 5.  Nevertheless, Judge Starnella determined that the allegations in Mr. Hoid's proposed third amended complaint fail to establish a causal connection between a BCSO policy of deliberate indifference and Mr. Hoid's injuries, which is necessary for Mr. Hoid to bring a claim for municipal liability.  *Id.* at 5–8; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).  Mr. Hoid's allegations regarding his injuries, accepted as true, are immaterial to determining whether the allegations in the proposed third amended complaint adequately state a claim against BCSO based on municipal liability.  Accordingly, Mr. Hoid has failed to show that granting him leave to amend his complaint would not be futile because Mr. Hoid's proposed third amended complaint does not sufficiently allege that BCSO is liable for his injuries.

      Mr. Hoid next asserts that he has been denied community placement as part of his parole for the underlying offense for which he had been detained by BCSO.  Docket No. 67 at 2–3.  Mr. Hoid appears to argue that BCSO advocated to the community correction board that he should be denied community placement.  *Id.* at 2.  He claims that BCSO supported its argument by referencing his behavior during his detention, which Mr. Hoid attributes to his diabetes.  *Id.* at 2–3.  He maintains that, by advocating

for the denial of community placement, BCSO again discriminated against Mr. Hoid by reason of his diabetes.  *Id.* at 3.  Mr. Hoid's proposed third amended complaint contains no allegations regarding his denial of community placement.  As such, Judge Starnella had no opportunity to consider such allegations.  Mr. Hoid has failed to demonstrate that Judge Starnella erred in recommending that his motion to amend be denied based on her analysis of the allegations contained in his proposed third amended complaint.  Moreover, Mr. Hoid has not shown why his allegations regarding community placement are relevant to the claims the Court dismissed without prejudice.

Finally, Mr. Hoid's objection reasserts the allegations in his complaint.  *Id.* at 2–3.  The Court agrees with Judge Starnella's determination that none of the allegations in Mr. Hoid's proposed third amended complaint sufficiently demonstrate that the actions of BCSO employees were undertaken pursuant to a policy of deliberate indifference.  Furthermore, neither Mr. Hoid's proposed third amended complaint nor his objection plausibly alleges that Mr. Hoid's alleged mistreatment, while detained, was due to him having type 1 diabetes.  Because Mr. Hoid appears to object only to the correctness of Judge Starnella's recommendation, without identifying any legal errors, the Court will overrule Mr. Hoid's objection.  *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 66] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff's Objection to the Recommendation [Docket No. 67] is **OVERRULED**.  It is further

**ORDERED** that plaintiff's Motion to Amend the Complaint [Docket No. 56] is **DENIED**.

DATED August 28, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge