IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

    Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

    Defendant.

---

### ORDER

---

This matter comes before me on plaintiff's Motion for Case Reassignment and Recusal, Notice of Supplemental Exhibit [Docket No. 106] and Motion for Recusal and Case Reassignment [Docket No. 107]. In these motions, plaintiff Edward Hoid[1] requests that I recuse myself from this case.[2] Docket No. 106 at 1; Docket No. 107 at 1.

The basis for Mr. Hoid's motions for recusal is not clear. In Docket No. 107, he quotes one of my orders in another of Mr. Hoid's cases that mentions "Gray Media's news coverage surrounding an assault and robbery which Mr. Hoid disclaims having participated in." Docket No. 107 at 2 (quoting *Hoid v. Gray Media Group, Inc.*, Case No.

---

[1] Because Mr. Hoid is proceeding pro se, I construe his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Mr. Hoid only mentions recusal in the captions of the motions. In the bodies of the orders, he solely requests case reassignment. However, because the only plausible ground for case reassignment would be if I recused myself, I construe his motions to also request recusal.

24-cv-01127-PAB-CYC, Docket No. 79). Mr. Hoid then states, "The District Court reports that an assault and robbery killing a 71-year-old occurred and nothing of the sort did as a matter of fact. This is how I have been regarded on numerous occasions while enduring the unfathomable." *Id.* Mr. Hoid then quotes from a magistrate judge recommendation to deny a habeas corpus petition filed by Mr. Hoid that states "Randall Schubert crashed while riding his bicycle . . . and fractured his skull." *Id.* at 3 (quoting *Hoid v. Colorado Attorney General*, Case No. 25-cv-00536-LTB-RTG, Docket No. 43). Mr. Hoid states, "Please note that the recorded events are that Randall Shubert crashed his bike, and actually not even to that extent, he fell." *Id.* Mr. Hoid then argues that "the case needs to be reassigned and the Defendants in this case do not get to benefit from any partiality." *Id.* Mr. Hoid, however, does not explain how language in either order displays "partiality." The first order noted that Mr. Hoid disclaimed having anything to do with the incident described in the news coverage. The second order was not entered by me, which provides no support for my partiality, and, in any event, simply described Mr. Schubert's bicycle "crash," a term Mr. Hoid uses to describe the incident. Thus, Mr. Hoid's claim of partiality on my part has no factual basis. However, even if the language that Mr. Hoid identified could be considered "partial" to some degree, the language does not "'reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).[3] Importantly, "judicial rulings alone

---

[3] Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about

almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").

Mr. Hoid has also submitted a supplemental exhibit that indicates that Mr. Hoid suffers from multiple physical and mental disabilities. Docket No. 106 at 2-10. Mr. Hoid does not explain why he has provided this evidence or why it has any bearing on his motion for recusal.

Mr. Hoid requests that this case be reassigned to a different judicial officer. Docket No. 106 at 1; Docket No. 107 at 1. In light of my denial of his motion to recuse, Mr. Hoid provides no basis for transfer of this case.

Therefore, it is

**ORDERED** that plaintiff's Motion for Recusal and Case Reassignment [Docket No. 107] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Case Reassignment and Recusal, Notice of Supplemental Exhibit [Docket No. 106] is **DENIED.**

DATED October 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted).