IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

    Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

    Defendant.

---

### ORDER

---

    This matter comes before me on plaintiff's Notice of Related Cases, Motion for Recusal, and Notice of Intent [Docket No. 117]. [1] Plaintiff Edward Hoid requests that I recuse myself from this case. Docket No. 117 at 65.

    Mr. Hoid does not specify under which statute he seeks my recusal. *See generally id.* However, the Court construes his request as being brought under 28 U.S.C. § 455.[2] Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

---

[1] Because Mr. Hoid is proceeding pro se, I construe his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The only other possible statutory basis for my recusal would be under 28 U.S.C. § 144. However, a motion under § 144 must be accompanied by an affidavit that states "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Mr. Hoid has not filed an affidavit. Thus, the Court construes this motion as being brought under 28 U.S.C. § 455.

"Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (unpublished) (citation omitted).

The basis for Mr. Hoid's recusal motion is that I allegedly incited lawless acts against him, I incited recent attempts on his life, I am mishandling this case, and I colluded with a party in a separate case. Docket No. 117 at 1, 6, 65. Although Mr. Hoid does not say so, presumably these things demonstrate that I am biased against him.

Pages seven through 63 of Mr. Hoid's 65-page motion seem to incorporate allegations from two other cases Mr. Hoid has filed in an unknown jurisdiction. *Id.* at 7-63. The first case is one wherein Mr. Hoid brings twelve claims against Lukas Butler, who Mr. Hoid described as a Loveland police officer. *Id.* at 43, 51-55. The second case alleges that a woman named Heather Daniels authored a fraudulent petition to bar Mr. Hoid from receiving certain subsidies. *Id.* at 59. Mr. Hoid provides no explanation as to how I incited the claims in these cases or how I was in any way involved.

Pages two of Mr. Hoid's motion consists of what appears to be a screenshot of a portion of one of my orders in another of Mr. Hoid's cases, *Hoid v. Gray Media Group,*

*Inc.*, Case No. 24-cv-01127-PAB-CYC, Docket No. 79. *Id.* at 2. Mr. Hoid does not explain why he has included this screenshot in his motion. However, to the extent Mr. Hoid argues that I should recuse myself in this case because he disapproves of my prior rulings, that is not a proper basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").

Pages three through five of Mr. Hoid's motion consists of what appears to be a portion of a filing submitted to the Tenth Circuit. Docket No. 117 at 3-5. Mr. Hoid does not explain why the Tenth Circuit filing is relevant. The filing's only reference to me is one conclusory sentence, stating that: "US DISTRICT COURT JUDGES GURLEY, BRIMMER, BABCOCK, and THE FOREIGN TENTH CIRCUIT COURT ARE KILLING or CAUSING THE KILLING AND TORTURE OF INNOCENT CITIZENS." *Id.* at 5. "[S]uch unsupported accusations carry no weight in the recusal calculus." *Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2007 WL 1491269, at *1 (D. Colo. May 21, 2007).

The remainder of Mr. Hoid's motion consists of conclusory statements. Docket No. 117 at 1, 6, 65. For example, Mr. Hoid writes that "Phillip [sic] Brimmer incited recent attempts on my life and is mishandling this case with intentions of restraining me from redress, assessments and lifesaving medicine." *Id.* at 1. Mr. Hoid provides no explanation of this claim and provides no substantiation for it. "The requirements for disqualification under § 455 are not satisfied by '[r]umor, speculation, beliefs,

3

conclusions, innuendo, suspicion, opinion, and similar non-factual matters.'" *Clark*, 727 F. App'x at 978 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). A well-informed, thoughtful, and objective observer who is an average member of the public would not find that these unsubstantiated and conclusory allegations establish that I am biased against Mr. Hoid. *See Mobley*, 971 F.3d at 1205.

Importantly, "under either § 144 or § 455 there is as much obligation for a judge ***not to recuse when there is no occasion to do so*** as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations." *Drevaleva v. Johnson*, 2023 WL 5564098, at * 5 (D.N.M. Aug. 29, 2023) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)); *see also Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987). Thus, because Mr. Hoid's motion is based on unsupported accusations, I will deny the motion to recuse.

Therefore, it is

**ORDERED** that plaintiff's Notice of Related Cases, Motion for Recusal, and Notice of Intent [Docket No. 117] is **DENIED**.

DATED February 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4