IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

     Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on the Report and Recommendation and

Order [Docket No. 120]. The recommendation addresses the Motion for Amended

Complaint [Docket No. 84]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation. Docket No.

120 at 2-6. The parties do not raise any factual objections to the recommendation. The

Court therefore adopts the facts for the purpose of ruling on the objection.

On March 8, 2023, Mr. Hoid filed this action, pro se. Docket No. 1. The

operative complaint is the Second Amendment Complaint. Docket No. 17. On April 21,

2025, Mr. Hoid filed a motion to amend, Docket No. 84, attaching the proposed Third

Amended Complaint as an exhibit. Docket No. 84-1. In the proposed Third Amended

Complaint, Mr. Hoid brings nine claims against seven individual defendants. *Id.* at 48-

56. Six of the claims are brought under the Eighth Amendment for "Deliberate

Indifference" or "Deliberate Medical Indifference." *Id.* at 48-55. Mr. Hoid titles the

remaining claims as "HIPPA Violation – Fraudulent Concealment of Offense,"

"Fraudulent Concealment," and "Incitement and Solicitation of Crime."  *Id.* at 55-56.  On

February 11, 2026, Magistrate Judge Timothy P. O'Hara issued a recommendation to

grant the motion to amend in part.  Docket No. 120.  The magistrate judge

recommended allowing plaintiff to amend his complaint, but only to the extent it brings a

deliberate indifference claim against Deputy Paul Kennedy of the Boulder County

Sheriff's Office.  *Id.* at 14.  The magistrate judge recommended denying amendments to

the complaint as it relates to all other claims.  *Id.*  The magistrate judge recommended

giving Mr. Hoid fourteen days to redraft his Third Amended Complaint to limit it to the

claim of deliberate indifference against defendant Kennedy.  *Id.*

On February 20, 2026, Mr. Hoid filed a document which he titled "Plaintiff's Reply

to ECF 120."[1]  Docket No. 122.  On February 23, 2026, Mr. Hoid filed a motion to

amend, Docket No. 123, attaching a new proposed Third Amended Complaint as an

exhibit.  Docket No. 123-1.  Whereas Mr. Hoid's original proposed Third Amended

Complaint was 59 pages long, the new proposed Third Amended Complaint is 137

pages long.  In accordance with the magistrate judge's recommendation, the complaint

only brings one claim for deliberate indifference against defendant Kennedy.[2]  Docket

No. 123-1 at 4.  On March 6, 2026, defendant filed a response, characterizing Mr.

---

[1] The "Reply to ECF 120" is 75 pages.  Docket No. 122.  However, only the first
six pages address the magistrate judge's recommendation.  *Id.* at 1-6.  The remaining
pages appear to be a complaint in what Mr. Hoid states is a "Related Case."  *Id.* at 8.
Mr. Hoid does not explain what relevance the complaint in the allegedly related case
has to the magistrate judge's recommendation.

[2] The magistrate judge recommended limiting the claims to a deliberate
indifference claim against Deputy Paul Kennedy; however, the new proposed Third
Amended Complaint brings a deliberate indifference claim against Deputy Christopher
Kennedy.  Docket No. 123-1 at 4.

2

Hoid's "Reply to ECF 120" as an objection. Docket No. 125. In the response, defendant responds to both Mr. Hoid's "Reply to ECF 120" and to the February 23, 2026 motion to amend. *Id.* at 1. On March 13, 2026, Mr. Hoid filed a reply, stating that he "will not waste any time reviewing the response by the defense." Docket No. 128.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Hoid is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

### III.  ANALYSIS

The Court does not construe Mr. Hoid's "Reply to ECF 120" to be an objection to the magistrate judge's recommendation.  Mr. Hoid raises general grievances which are unrelated to the recommendation, such as stating that "this Court [is] silencing the people and self" and indicating his intent to file claims against defendant's counsel and the Court.  Docket No. 122 at 2-4.  These general complaints do not identify specific factual or legal issues; in fact, they are unresponsive to the recommendation altogether.  However, the portion of Mr. Hoid's "Reply to ECF 120" which does address the merits appears to accept the recommendation.  Mr. Hoid states that he "will file the recommended amended complaint" and that he will "delete the claims recommended." *Id.* at 3.  Indeed, Mr. Hoid refers to "Reply to ECF 120" as a "notice of intent to file the amended complaint." *Id.*  Mr. Hoid states that the Court should "look forward to that Amended Complaint being filed on February 23rd, 2026." *Id.* at 4.  On February 23, 2026, Mr. Hoid filed a motion to amend, Docket No. 123, attaching a new proposed Third Amended Complaint as an exhibit.  Docket No. 123-1.  In compliance with the recommendation, Mr. Hoid only brings one claim for deliberate indifference against defendant Kennedy.

Mr. Hoid does, however, state that he "will not exclude any portion of the statement" and that he will "refile claims and include the worst actors of all."  Docket No. 122 at 3.  Defendant appears to consider this portion of the "Reply to ECF 120" to constitute an objection to the magistrate judge's recommendation.  Docket No. 125 at 3. The Court does not construe this to be an objection to the recommendation.  Mr. Hoid states that he will not exclude any portion of the statement, but his new proposed Third Amended Complaint only brings one claim against defendant Kennedy.  *See* Docket

4

No. 123-1 at 4.  In any event, as defendant points out, if Mr. Hoid was objecting to the

recommendation by stating that he "will not exclude any portion of the statement," such

an objection would not be specific and would therefore not warrant de novo review.  *See*

*One Parcel*, 73 F.3d at 1059.

Defendant argues that the Court should "reject . . . the recommendation to allow

advancement of Plaintiff's deliberate indifference claim against Deputy Kennedy."

Docket No. 125 at 8.  Defendant, however, filed its response on March 6, 2026—23

days after the magistrate judge issued his February 11, 2026 recommendation.

Objections to a magistrate judge's recommendation must be filed within 14 days.  Fed.

R. Civ. P. 72(b)(2).  "A party who fails to file a timely object[ion] to a magistrate judge's

recommendation may waive the right to de novo review by the district court judge."

*Crow v. Leto*, No. 20-cv-01242-CMA-MEH, 2021 WL 11492245, at *3 (D. Colo. June 1,

2021) (citing *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C.

§ 636(b)(1)).  The fact that defendant raises its objection within a response does not

absolve defendant of its responsibility to timely object to the recommendation.  Thus,

defendant has waived de novo review of the recommendation, and neither party has

raised a timely, specific objection to the recommendation.  Accordingly, the Court may

review the recommendation under any standard it deems appropriate.  *Summers*, 927

F.2d at 1167.

Defendant also argues that plaintiff's new proposed Third Amended Complaint

does not adhere to the recommendation because, while it only brings a deliberate

indifference claim against defendant Kennedy, it does not limit its factual allegations to

the deliberate indifference claim.  Docket No. 125 at 12-13.  Defendant also notes that

the new proposed Third Amended Complaint is 78 pages longer than the original

proposed Third Amended Complaint.  *Id.* at 13.  Finally, defendant argues that the new

proposed Third Amended Complaint fails to adhere to Rule 8(a)(2) because it does not

contain a short and plain statement of the claim and that it fails to adhere to Local Rule

15.1's requirement that, in a motion to amend, the moving party must attach a copy of

the proposed amended complaint which strikes through the text to be deleted and

underlines the text to be added.  *Id.* at 12-13; *see also* Fed. R. Civ. P. 8(a)(2);

D.C.COLO.LCivR 15.1.  These arguments are best addressed in motions practice

aimed at the February 23, 2026 motion to amend, not in response to the

recommendation itself.

The Court has reviewed the recommendation to satisfy itself that there is "no

clear error on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee

Notes.  Based on this review, the Court has concluded that the recommendation is a

correct application of the facts and the law.  Therefore, the Court will accept the

recommendation.[3]

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge

[Docket No. 120] is **ACCEPTED in part**.  It is further

**ORDERED** that the Motion for Amended Complaint [Docket No. 84] is

**GRANTED in part** to the extent it seeks to amend the complaint to bring a deliberate

---

[3] The Court will not, however, accept the recommendation that Mr. Hoid be given fourteen days to redraft his Third Amended Complaint because Mr. Hoid already did so in connection with his February 23, 2026 motion to amend.

indifference claim against defendant Kennedy and is **DENIED in part** to the extent it

seeks to amend the complaint to bring any other claims.


DATED March 19, 2026.

                                        BY THE COURT:

                                        s/ Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge