IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

      Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

      Defendant.

---

**ORDER**

---

This matter comes before me on the Emergency Motion for Disqualification and Mandatory Recusal of Chief Judge Phillip [sic] Brimmer [Docket No. 142]. Plaintiff Edward Hoid requests that I recuse myself from this case.[1] This is Mr. Hoid's fifth motion requesting that I recuse myself. *See* Docket Nos. 106, 107, 113, 117.

Mr. Hoid does not specify under which statute he seeks my recusal. *See generally* Docket No. 142. However, I construe his request as being brought under 28 U.S.C. § 455.[2] Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in

---

[1] Mr. Hoid filed this action pro se. Mr. Hoid filed a motion to appoint counsel, Docket No. 103, which was granted on February 11, 2026. Docket No. 120. Mr. Hoid was appointed counsel on March 18, 2026, Docket No. 130, and counsel entered an appearance on April 9, 2026. Docket No. 139. On April 23, 2026, Mr. Hoid's counsel filed a motion to withdraw as counsel, stating that Mr. Hoid has expressly terminated his representation. Docket No. 143. On May 11, 2026, Magistrate Judge Timothy P. O'Hara granted the motion to withdraw as counsel. Docket No. 154. Thus, Mr. Hoid is now proceeding pro se, and I therefore construe his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The only other possible statutory basis for my recusal would be under 28 U.S.C. § 144. However, a motion under § 144 must be accompanied by an affidavit that states

any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id*. (internal quotations and citation omitted).  "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."  *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (unpublished) (citation omitted).

The basis for Mr. Hoid's recusal is that I have "engaged in felonious judicial forgery" and have "colluded with media defense counsel to publish fraudulent scripts designed to incite public violence and dozens of assassination attempts."  Docket No. 142 at 1.  Mr. Hoid also asserts that my "antics and refusal to transmit life-saving medical information have created a state-sponsored blockade, restraining the Plaintiff from essential medicine until total physical collapse is achieved."  *Id.* at 2.  Furthermore, Mr. Hoid incorporates by references a document he titled an "EMERGENCY PETITION FOR WRIT OF MANDAMUS."  *Id.*  The document calls for my "immediate arrest" based

---

"the facts and the reasons for the belief that bias or prejudice exists."  28 U.S.C. § 144.
Mr. Hoid has not filed an affidavit.  Thus, the Court construes this motion as being
brought under 28 U.S.C. § 455.

2

on similar grounds as the motion for recusal.  *Id.* at 3-6.  Although Mr. Hoid does not say so, presumably these allegations demonstrate that I am biased against him.

Mr. Hoid, however, provides no explanation or evidence to support his allegations.  "[S]uch unsupported accusations carry no weight in the recusal calculus."  *Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2007 WL 1491269, at *1 (D. Colo. May 21, 2007).  "The requirements for disqualification under § 455 are not satisfied by '[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters.'"  *Clark*, 727 F. App'x at 978 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).  A well-informed, thoughtful, and objective observer who is an average member of the public would not find that these unsubstantiated and conclusory allegations establish that I am biased against Mr. Hoid.  *See Mobley*, 971 F.3d at 1205.

Importantly, "under either § 144 or § 455 there is as much obligation for a judge ***not to recuse when there is no occasion to do so*** as there is to recuse when there is a reasonable basis to do so.  A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations."  *Drevaleva v. Johnson*, 2023 WL 5564098, at * 5 (D.N.M. Aug. 29, 2023) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)); *see also Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987).  Thus, because Mr. Hoid's motion is based on unsupported accusations, I will deny the motion to recuse.

Therefore, it is

3

**ORDERED** that the Emergency Motion for Disqualification and Mandatory

Recusal of Chief Judge Phillip [sic] Brimmer [Docket No. 142] is **DENIED**.

DATED May 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge