IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

    Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

    Defendant.

---

**ORDER**

---

This matter comes before me on Plaintiff's Emergency Notice of Refiled Tenth

Circuit Mandamus, Motion to Stay Proceedings, and Motion for Recusal of Chief Judge

Philip A. Brimmer [Docket No. 171]. Plaintiff Edward Hoid requests that I recuse myself

from this case.[1] This is Mr. Hoid's sixth motion requesting that I recuse myself. *See*

Docket Nos. 106, 107, 113, 117, 142.

Mr. Hoid seeks my recusal under 28 U.S.C. § 455. Docket No. 171 at 2. Under

28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in

which his impartiality might reasonably be questioned" or "[w]here he has a personal

---

[1] Mr. Hoid filed this action pro se. Mr. Hoid filed a motion to appoint counsel, Docket No. 103, which was granted on February 11, 2026. Docket No. 120. Mr. Hoid was appointed counsel on March 18, 2026, Docket No. 130, and counsel entered an appearance on April 9, 2026. Docket No. 139. On April 23, 2026, Mr. Hoid's counsel filed a motion to withdraw as counsel, stating that Mr. Hoid has expressly terminated his representation. Docket No. 143. On May 11, 2026, Magistrate Judge Timothy P. O'Hara granted the motion to withdraw as counsel. Docket No. 154. Thus, Mr. Hoid is now proceeding pro se, and I therefore construe his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (unpublished) (citation omitted).

The basis for Mr. Hoid's recusal is that my "impartiality has been compromised by a clear conflict of interest regarding the systematic restriction of Plaintiff's filings and the institutional shielding of adverse defense actors." Docket No. 171 at 2. Mr. Hoid does not elaborate on how I have restricted his filings or how I have shielded "defense actors" in this case. *See id.* Furthermore, Mr. Hoid attaches a document he titled an "[EMERGENCY] PETITION FOR WRIT OF MANDAMUS AND EMERGENCY STAY OF PROCEEDINGS PURSUANT TO 10th CIR. R. 27.3." *Id.* at 3. The document calls for my "immediate arrest" based on an alleged attempt to "facilitate the Petitioner's certain death." *Id.* at 4. Presumably these allegations demonstrate that I am biased against Mr. Hoid.

Mr. Hoid, however, provides no explanation or evidence to support his allegations. "[S]uch unsupported accusations carry no weight in the recusal calculus."

2

*Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2007 WL 1491269, at *1

(D. Colo. May 21, 2007).  "The requirements for disqualification under § 455 are not

satisfied by '[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and

similar non-factual matters.'"  *Clark*, 727 F. App'x at 978 (quoting *United States v.*

*Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).  A well-informed, thoughtful, and objective

observer who is an average member of the public would not find that these

unsubstantiated and conclusory allegations establish that I am biased against Mr. Hoid.

*See Mobley*, 971 F.3d at 1205.

Importantly, under § 455, "there is as much obligation for a judge ***not to recuse***

***when there is no occasion to do so*** as there is to recuse when there is a reasonable

basis to do so.  A judge should not recuse based on unsupported, irrational, or highly

tenuous speculation and accusations."  *Drevaleva v. Johnson*, 2023 WL 5564098, at * 5

(D.N.M. Aug. 29, 2023) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir.

1994)); *see also Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987).  Thus,

because Mr. Hoid's motion is based on unsupported accusations, I will deny the motion

to recuse.

Therefore, it is

**ORDERED** that Plaintiff's Emergency Notice of Refiled Tenth Circuit Mandamus,

Motion to Stay Proceedings, and Motion for Recusal of Chief Judge Philip A. Brimmer

[Docket No. 171] is **DENIED in part**.  It is further

**ORDERED** that the portion of Docket No. 171 that requests recusal is denied.  It

is further

3

**ORDERED** that the portions of Docket No. 171 that request a stay of

proceedings and leave to file an amended complaint are **REFERRED** to Magistrate

Judge Timothy P. O'Hara.

DATED June 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

4