IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-00616-PAB-TPO

EDWARD HOID,

Plaintiff,

v.

BOULDER COUNTY SHERIFF'S OFFICE,

Defendant.

---

**ORDER**

---

This matter comes before me on the Notice and Motion for Recusal, Assassination Attempts, Staging Casualties Against the LDS Faith, and Judicial Treason [Docket No. 186] and the Motion and Notice of Filing Third Certiorari, Demand for Stay, Motion to Recuse Judge Brimmer, and Motion to Strike Defense Pleadings as Crimes [Docket No. 190]. Plaintiff Edward Hoid requests that I recuse myself from this case.[1] These are Mr. Hoid's seventh and eighth motions requesting that I recuse myself. *See* Docket Nos. 106, 107, 113, 117, 142, 171.

---

[1] Mr. Hoid filed this action pro se. Mr. Hoid filed a motion to appoint counsel, Docket No. 103, which was granted on February 11, 2026. Docket No. 120. Mr. Hoid was appointed counsel on March 18, 2026, Docket No. 130, and counsel entered an appearance on April 9, 2026. Docket No. 139. On April 23, 2026, Mr. Hoid's counsel filed a motion to withdraw as counsel, stating that Mr. Hoid had expressly terminated his representation. Docket No. 143. On May 11, 2026, Magistrate Judge Timothy P. O'Hara granted the motion to withdraw as counsel. Docket No. 154. Thus, Mr. Hoid is now proceeding pro se, and I therefore construe his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Hoid does not specify under which statute he seeks my recusal. *See generally* Docket No. 190. However, I construe his request as being brought under 28 U.S.C. § 455.[2] Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (unpublished) (citation omitted).

Mr. Hoid asserts that I should recuse myself "due to a blatant, unconstitutional conflict of interest, coordinated judicial handling, and active participation in the ongoing retaliatory proceedings alongside related panels." Docket No. 190 at 1. Mr. Hoid also alleges that I have repeatedly attempted to murder him and that I have forged judicial documents. Docket No. 186 at 2. Mr. Hoid presents no evidence or argument in

[2] The only other possible statutory basis for my recusal would be under 28 U.S.C. § 144. However, a motion under § 144 must be accompanied by an affidavit that states "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Mr. Hoid has not filed an affidavit. Thus, the Court construes this motion as being brought under 28 U.S.C. § 455.

support of these unsubstantiated assertions. "[S]uch unsupported accusations carry no weight in the recusal calculus." *Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2007 WL 1491269, at *1 (D. Colo. May 21, 2007). "The requirements for disqualification under § 455 are not satisfied by '[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters.'" *Clark*, 727 F. App'x at 978 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). A well-informed, thoughtful, and objective observer who is an average member of the public would not find that Mr. Hoid's unsubstantiated and conclusory allegations establish that I am biased against Mr. Hoid. *See Mobley*, 971 F.3d at 1205. I have explained this to Mr. Hoid on several occasions. *See* Docket Nos. 119, 157, 173

Mr. Hoid also requests that I strike all motions filed by opposing counsel because they are "part of an ongoing legal retaliation campaign." Docket No. 190 at 2. Again, Mr. Hoid provides no evidence or argument in support of this accusation. I will therefore deny the request.

Finally, Mr. Hoid seeks to stay this action pending the filing of a new petition, presumably with the Tenth Circuit.[3] *Id.* There is no indication that any new petition was filed with the Tenth Circuit. When ruling on Mr. Hoid's most recent mandamus petition related to this case, the Tenth Circuit noted that Mr. Hoid "has filed ten mandamus petitions in less than four months" and that the most recent petition sought the same relief that the court "already considered and denied." Docket No. 184 at 1. Therefore, the court dismissed the petition as frivolous. *Id.* In doing so, the Tenth Circuit "caution[ed] Mr. Hoid that any future frivolous filings . . . may cause the court to consider

[3] Mr. Hoid does not indicate what sort of petition he is referring to.

imposing sanctions." *Id.* at 1-2. The court directed the Clerk of Court to "summarily dismiss" any "future filings seeking the same or similar relief based on the same or substantially similar arguments." *Id.* at 2. As mentioned above, Mr. Hoid has now sought my recusal in eight different motions based on similar unsubstantiated allegations. If Mr. Hoid continues to file frivolous motions for recusal based on unsubstantiated allegations, I may impose sanctions on him. *See Jones v. Gen. Motors Corp.*, 2003 WL 27385453, at *5 (D.N.M. Mar. 17, 2003) ("This Court has the authority to impose sanctions for repetitive, vexatious, and frivolous filings.") (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)); *Haskett v. Flanders*, No. 13-cv-03392-RBJ-KLM, 2014 WL 6675263, at *3 (D. Colo. Nov. 24, 2014) ("the filing of frivolous motions in the future may be grounds for sanctions.").

Importantly, "under either § 144 or § 455 there is as much obligation for a judge ***not to recuse when there is no occasion to do so*** as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations." *Drevaleva v. Johnson*, 2023 WL 5564098, at * 5 (D.N.M. Aug. 29, 2023) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)); *see also Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987). Thus, because Mr. Hoid's motions are based on unsupported accusations, I will deny them.

Therefore, it is

**ORDERED** that the Notice and Motion for Recusal, Assassination Attempts, Staging Casualties Against the LDS Faith, and Judicial Treason [Docket No. 186] is **DENIED**. It is further

**ORDERED** that the Motion and Notice of Filing Third Certiorari, Demand for Stay, Motion to Recuse Judge Brimmer, and Motion to Strike Defense Pleadings as Crimes [Docket No. 190] is **DENIED**.

DATED October 21, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge